[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court by stipulation of the parties dated July 20, 1999. In that stipulation the parties stipulated that the defendant would admit to liability on the negligence count of the plaintiff's complaint and the plaintiff would withdraw the recklessness count of the complaint. That was done. The defendant would further withdraw the special defenses they have filed. That was done. The parties then agreed that the matter may proceed to the court side hearing in damages calendar. That was done.
This court heard this matter as a hearings in damages. The plaintiff filed with the court Exhibit 1 which is a notebook which included pleadings, liability issues, medical expenses, medical records, damages and a life table. The court has completely reviewed all of the contents of Exhibit 1. CT Page 13204
In addition, a photograph of the plaintiffs car was introduced as Exhibit 2 and the court has reviewed that. The evidence presented by the plaintiff consisted of the plaintiff Bart Alexander testifying and his wife Valerie Alexander. It is clear from the photograph there was substantial impact. The date of the accident was January 4, 1996. It is clear from the impact that there was substantial damage to the car. It is also clear from a review of the records that there were five or six months of treatment and the remainder of the medicals involved diagnosis and some treatment. The major claim of the plaintiff is that as a result of the injuries sustained he will be unable to carry on some of his life's activities as before, sleep the way he did previously and that he has headaches.
The medical evidence indicates that as a result of the automobile accident he had sustained headaches, neck injuries, left shoulder, chest injuries and a left knee injury. None of the injuries were there except the previous knee injury which the claim is was aggravated by the accident. The court finds that he has headaches and they are constant and nagging and they are like a helmet pain from the front to the back. His neck injuries are evidenced as he turns. As far as the knee is concerned he gets a sharp and aching pain at times on movement. He has had no recent treatments since there is no potential for recovery. He has been told he has to live with the pain. Exercises have been suggested and therapy. He does stretch exercises. The injuries affect his sleep. He wakes up two or three times during the night because he is unable to get comfortable.
He no longer can do some of the things he did before, such as work around the house, mowing the lawn, vacuuming and painting.
He is involved in the restaurant business and transferred from Rockefeller Center a business restaurant with his company to Columbia where it is a much quieter pace. He has less physical work to do. At Columbia he doesn't have to lift and do some of the other things that he had to do at the other location.
His family was an athletic family and they played tennis and had softball games and volleyball and badminton and he no longer can do these anymore. In plain language he can't run anymore. He can dance but can't do it for a long time. For instance, he was recently at a wedding and he danced for a short period of time but knew the next day that he would be suffering as a result of CT Page 13205 it. Also his daughter who was a gymnast performed but he was unable to see her as often as he desired because he could not sit in the bleacher seats. The family had an annual after Christmas dinner football game which he can no longer participate in. The last time it was done was in 1995.
Recently, he went to New York City did lots of walking, had dinner, had a nice day. But the next day he had to cancel plans because of leg, neck pain and headaches.
The defense cross examined him about an automobile accident he had at age 19 which involved a head on collision where he was in the hospital for three weeks. It was a good argument but without evidence that there was any causal connection to the injuries he now manifests as being tied into that particular automobile accident.
His wife testified he has had personality changes. She finds that he has taken what she described as a step back. That although he left a complicated and difficult job to take the new Columbia job, it was less challenging and he is less vibrant. He doesn't sleep well. He is generally uncomfortable. When he was feeling well, they would dance every night at home. Now he has to plan his social activities around what price will he pay tomorrow.
The parties agreed that the court would defer its ruling on economic damages in order to give the parties time to explore collateral source problems.
At closing argument the defendant said the case was worth $10,000 and the plaintiff argued that for past non-economic damages from 1996 to the present was worth $20,000. He also argued there is approximately 26 years of life expectancy and that at $1,000 a year that would be $26,000. This would be $46,000. The Court having heard all the evidence finds the non-economic damages to be $40,000.00 dollars. Judgment may enter in accordance with this decision.
KARAZIN, J.